# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**ANA DOE,**

    **Plaintiff,**

**v.**                                              **CASE NO. 3:25-cv-804-MMH-SJH**

**SCOTTY RHODEN, etc., et al.**

    **Defendants.**

_____/

## DEFENDANT SHERIFF RHODEN'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND TO FILE NAMES UNDER SEAL

Defendant Scotty Rhoden, in his official capacity as Sheriff of Baker County ("Sheriff Rhoden"), through undersigned counsel, and pursuant to this Court's order granting Plaintiff's motion for leave to proceed anonymously and to file names under seal [ECF No. 28, p. 3], respectfully moves this honorable Court to reconsider its order granting Plaintiff's motion, and in support, states:

This case concerns deprivations Plaintiff alleges she suffered while detained by Immigration and Customs Enforcement ("ICE") at the Baker County Detention Center ("BCDC") between May and July of 2023. ECF No. 20, ¶ 1. Before any defendant appeared in this action, Plaintiff filed a motion for leave to proceed

anonymously[1] and to file names under seal. ECF No. 21. The Court later granted the motion, in part, and ordered that Plaintiff be permitted to proceed in this action pseudonymously, subject to reconsideration upon a Defendant's motion. ECF No. 28, p. 3.

This Court should reconsider its ruling and enter an amended order denying Plaintiff's motion. Plaintiff chose to present unnecessary factual allegations in the initial complaint, the amended complaint, and her motion that Plaintiff now uses to support her request to proceed anonymously. Even considering this information, Plaintiff has not shown any compelling reason to deviate from the presumption of openness in judicial proceedings.

Plaintiff's identity is already known. In fact, by including unnecessary factual allegations in her complaint, Plaintiff has given anyone with internet access sufficient information to identify her.

Regarding Plaintiff's asserted fears of retaliation, those who would be in a position to retaliate against her (a group that does not include Sheriff Rhoden or any employee of the BCDC) already know who she is.

A fear of a nebulous possibility of future consequences is insufficient to outweigh the public's interest in open and transparent court proceedings. Plaintiff has

---

[1] Litigants (and the caselaw) occasionally refer to anonymity and pseudonymity interchangeably. *See, e.g., C. S. v. Wyndham Hotels & Resorts, Inc.*, No. 2:20-CV-638-JES-MRM, 2021 WL 7448076, at *1, fn 4 (M.D. Fla. June 11, 2021). Because Plaintiff's identify is known, and she is only seeking to proceed under the pseudonym "Ana Doe," pseudonymity is probably more accurate. *Id*. Nonetheless, this motion refers to both interchangeably, as well.

not met her burden of establishing that she should not be required to comply with Rule 10(a), *Federal Rules of Civil Procedure*. Plaintiff's motion should be denied.

## LEGAL STANDARD

As the Court has already noted, "[g]enerally, parties to a lawsuit must identify themselves in their respective pleadings." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001) (citation omitted); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties…"). However, "[a] party may proceed anonymously in a civil suit in federal court by showing that [s]he 'has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings."'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (citation omitted); *see also Roe*, 253 F.3d at 685. The inclusion of a party's real name "serves more than administrative convenience.… It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank.*, 951 F.2d 320, 322 (11th Cir. 1992).

The exception is a narrow one. "Parties may use 'fictitious name[s]' only in 'exceptional case[s].'" *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (citation omitted).

The Eleventh Circuit has set forth six relevant, but non-dispositive factors for courts to consider when deciding if a party should be permitted to proceed anonymously. The factors are whether:

> 1) the case involves a challenge to government or private activity;
> 2) the party will be required to disclose information of the utmost intimacy;

3) the party would be threatened by violence or physical harm if they proceeded in their real name;

4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution;

5) the party is a minor; and

6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant.

*Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 636-37 (M.D. Fla. 2023) (*citing Strike 3 Holdings, LLC v. Doe*, No. 5:22-cv-307-JA-PRL, 2023 WL 113564, at *1 (M.D. Fla. Jan. 5, 2023) (*citing Francis*, 631 F.3d at 1316) (additional citations omitted)).

The Southern District of Florida has also considered "the extent to which the identity of the litigant has been kept confidential…" *Doe v. Epstein*, No. 08-80893-CIV, 2008 WL 11332056, at *1 (S.D. Fla. Oct. 6, 2008) (*quoting Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006). "[T]he plaintiff's interest in anonymity is weaker where anonymity has already been compromised." *Del Rio*, 241 F.R.D. at 158.

## LEGAL ARGUMENT

Each of the factors above are either neutral or fall in Sheriff Rhoden's favor. They are addressed in turn.

### 1) the case involves a challenge to government or private activity;

Sheriff Rhoden concedes that Plaintiff is challenging government action. However, this alone is insufficient to establish entitlement to proceed anonymously. Indeed, nearly every lawsuit against a municipality is "challenging government action," yet most plaintiffs nonetheless comply with Rule 10(a).

4

As the Court noted in *Doe #1 v. Austin*:

> As to the first question, the caselaw reflects that plaintiffs challenging a governmental activity seem to rarely be permitted to proceed under a pseudonym. *See, e.g., Doe v. City of Vero Beach*, No. 2:19-14212, 2019 WL 3751771, at \*4 (S.D. Fla. Aug. 8, 2019). As the Eleventh Circuit has explained, "no published opinion that we are aware of has ever permitted a plaintiff to proceed anonymously merely because the complaint challenged government activity." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 686 (11th Cir. 2001). "To grant this factor dispositive effect would lead, inappropriately, to granting anonymity to any plaintiff suing the government to challenge a law or regulation." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004).

*Doe #1 v. Austin*, No. 8:22-CV-121-JLB-SPF, 2022 WL 2116797, at \*2 (M.D. Fla. June 10, 2022).

At best, this factor is neutral.

**2) the party will be required to disclose information of the utmost intimacy;**

Plaintiff asserts that other courts have found "key details" of Plaintiff's case to be "highly sensitive" and therefore warranting the protection of anonymity; specifically, the invasive violations of her right to bodily privacy, details of her mental health conditions, and her history as a human trafficking and domestic violence survivor. ECF No. 21, p. 11. However, Plaintiff then cites cases where courts have granted anonymity to rape victims – which is not alleged here. Moreover, Plaintiff's history as a human trafficking and domestic violence survivor is not central to any claims or defenses in this action. Plaintiff *chose* to disclose this information in her Complaint and the instant motion, and then sought anonymity for that reason.

Plaintiff asserts that "litigation will require detailed discussion of her psychiatric history, including her diagnosed PTSD, anxiety, and depression; her psychosis medication; the details of her mental crises while in solitary confinement; and her inability to eat without nausea and vomiting." ECF No. 21, p. 14. Perhaps, but that is not uncommon in prison litigation, which does not always support pseudonymous plaintiffs. Moreover, mental history comes up in the vast majority of, if not all, litigation involving claims of emotional distress. Plaintiff has not established that her situation is so different in nature, scope, or extent that she should be excused from the requirements of Rule 10(a) based on this factor. This factor falls in the Sheriff's favor.

**3) the party would be threatened by violence or physical harm if they proceeded in their real name;**

Plaintiff has made only a vague reference to potential physical harm that she would theoretically endure should she be required to comply with Rule 10(a). This is insufficient to sway this factor in her favor.

Plaintiff asserts that disclosing her identity in this action risks her trafficker "retaliating and potentially re-trafficking her." ECF No. 21, p. 15. As noted above, Plaintiff did not need to disclose that she was a human trafficking victim. In any event, Plaintiff has not provided any explanation how including her real name as a party to this litigation would subject her to "retaliation" or "re-trafficking." Presumably her trafficker – who, according to Plaintiff, has her passport – knows her real name. Further, the information provided in the Complaint makes it so that anyone with access to the internet can determine Plaintiff's name. Thus, requiring Plaintiff to

6

comply with Rule 10(a) would not necessarily provide information not available elsewhere that could be used by her trafficker.

This factor, too, falls in the Sheriff's favor.

**4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution;**

Plaintiff does not allege that she would be compelled to admit an intent to engage in illegal conduct, and it is difficult to imagine how she could. Courts have acknowledged that *revealing* an individual's immigration status can create such a risk of criminal prosecution. *See Hisp. Int. Coal. of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 (11th Cir. 2012) (revealing undocumented status "could lead to criminal prosecution"). However, in this case, Plaintiff has already made that revelation. Plaintiff has stated that she was an ICE detainee, which presupposed that ICE knows her real name and her current immigration status. Plaintiff has also stated that she is seeking immigration relief through a T visa, suggesting that Department of Homeland Security, U.S. Citizenship and Immigration Services knows her real name and her current immigration status. ECF No. 21, p. 16. This is not a case where such information was currently unknown by the government, and anonymity in litigation had something to protect. This factor falls in the Sheriff's favor.

**5) the party is a minor;**

Plaintiff is 33-years-old. ECF No. 20, ¶ 34. This factor falls in the Sheriff's favor.

**6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant.**

As noted elsewhere, Defendants will be able to defend themselves and participate in discovery with Plaintiff, as her own pleadings have provided enough information to easily identify her. At this time, it is unknown just how burdensome it will be for Defendants to litigate a case where they cannot refer to Plaintiff by name or include any identifying features in court filings, although it is anticipated that this will add the burden of numerous hours by counsel, legal staff, and perhaps third-party vendors to ensure the necessary redactions are made.

Furthermore, it is unfair that Plaintiff is permitted to hurl allegations against numerous individually-named Defendants from under a blanket of secrecy. And while Plaintiff's claims are completely baseless and her factual allegations demonstrably false (which will be addressed by one or more motions filed at a later date), the names of these Defendants will forever be tied to Plaintiff's vile accusations. "Fairness" would suggest that Plaintiff also be publicly named as required by Rule 10(a), and made to stand by her contentions. This factor is either neutral, or falls in the Sheriff's favor.

**7) the extent to which the identity of the litigant has been kept confidential**

Plaintiff has not taken steps to keep her identity confidential. Plaintiff included enough information in her complaint that anyone with internet access could easily identify her. Undersigned counsel – who is no internet sleuth – was able to positively identify Plaintiff in less than 15 minutes based on nothing more than the factual allegations in Plaintiff's amended complaint and what her counsel has posted on

YouTube.[2] Respecting the order granting Plaintiff's pseudonymity, the specific steps will not be outlined here. But Plaintiff's failure to meaningfully protect her anonymity mitigates against this Court ordering Defendants to make efforts to "maintain" it. This factor falls in the Sheriff's favor.

## CONCLUSION

For the foregoing reasons, Defendant Scotty Rhoden, in his official capacity as Sheriff of Baker County, respectfully requests this Court grant the instant motion and enter a new order denying Plaintiff's motion for leave to proceed anonymously and to file names under seal, and grant such other relief this Court deems just and proper.

Respectfully submitted this 10th day of October, 2025.

/s/ Matthew J. Carson
**MATTHEW J. CARSON**
Florida Bar Number: 0827711
mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
***Attorneys for Defendant***
***Sheriff Scotty Rhoden***

---

[2] https://www.youtube.com/watch?v=RPlXCFPHIYs, "'You get to the point where you fear for your life' - Ana's Story at Baker County Detention Center" (last visited October 10, 2025).

9

## **LOCAL RULE 3.01(g) CONFERRAL**

The undersigned counsel certifies that he conferred with lead counsel for Plaintiff via electronic mail on September 30, 2025, and via telephone on October 10, 2025, regarding this motion, and can represent that Plaintiff opposes the relief sought.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of October, 2025, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**