UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANA DOE,

              Plaintiff,

v.

SCOTTY RHODEN, Sheriff, in his official capacity, et al.,

              Defendants.

Case No. 3:25-cv-00804-MMH-SJH

**26f Joint Case Management Report**

Pursuant to Rule 3.02(a)(2) of the Local Rules for the Middle District of Florida, Plaintiff and Defendants have met and conferred and hereby submit this Joint Case Management Report. Pursuant to Local Rule 3.02(b)(1), the parties state the following:

1. **Date and Attendees**

The parties conducted the planning conference by video conference on 10/16/2025. Amy Godshall, Daniel Tilley, Ming Lee Newcomb, Julia Doody, and Sarah Gillman attended for Plaintiff, Matthew Carson attended for Defendants Rhoden and Youmans, and Leigh Rosenbloom for Defendant Williams.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 10/30/2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 1/30/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B) | Plaintiff 2/27/2026 Defendants 4/3/2026 Rebuttal 5/8/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 6/30/2026 (252 days from filing of this Case Management Report) |
| Deadline for filing any dispositive motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 8/31/2026 |
| Deadline for filing any *Daubert* motion. | 8/31/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The Parties will agree on a mediator 60 days from the filing of this scheduling report.  Click or tap here to enter text. | 9/30/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 11/13/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 12/4/2026 |

2

| | |
|---|---|
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 12/11/2026 |
| Month and year of the trial term. | 1/1/2027 |

The trial will last approximately 4 to 5 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

   - Plaintiff, Ms. Ana Doe (pseudonym), brought this civil action against Defendants Sheriff Scotty Rhoden (in his official capacity), Sharon Youmans (in her individual capacity), Dustin Williams (in his individual capacity), and Doe "Officer Defendants" (as described in the Amended Complaint) (in their individual capacities) pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of her Fourth and Fourteenth Amendment rights, stemming from the conditions of her confinement in immigration detention at the Baker County Detention Center. Plaintiff seeks damages, injunctive relief, and declaratory judgment.

4. **Disclosure Statement**

   ☐ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects:

   Plaintiff intends to seek discovery on the following subjects:
   - Baker's use-of-force policies, practices (including, but not limited to, Ms. Doe's experiences), and related training.
   - Baker's Prison Rape Elimination Act policies, practices (including, but not limited to, Ms. Doe's experiences), and related training.
   - Baker's isolation policies, practices (including, but not limited to, Ms. Doe's experiences), and related training.

- Baker's medical care policies, practices (including, but not limited to, Ms. Doe's experiences), and related training.

Defendants intend to seek discovery on the following subjects:
  o The allegations in Plaintiff's complaint.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; see section F below.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; the parties agree that the depositions of named parties that remain after any filed motion to dismiss do not count against the respective party's limitation on depositions. Additionally, the parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI") and agree to the following: (1) Disclosure or production of ESI will be limited to data reasonably available to the parties in the ordinary course of business; (2) the parties do not anticipate seeking data beyond what is reasonably available in the ordinary course of business; (3) the parties agree to produce ESI in native format where feasible, using an ESI vendor; (4) the parties agree to conduct an ESI conference within 21 days of the Court ruling on Sheriff Rhoden's motion to stay discovery (to be filed shortly) to discuss the matters outlined in Middle District Discovery (2021) at Section VIII, as well as cost-sharing among the parties; (5) the parties represent that they have taken reasonable measures to preserve potentially discoverable data from

5

alteration or destruction; and (6) the parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) regarding the inadvertent production of privileged information.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. Signatures

/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar Number: 0827711
mcarson@sniffenlaw.com
**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Attorneys for Defendant*
*Sheriff Scotty Rhoden and*
*Lt. Sharon Youmans*

**MARKS GRAY, P.A.**
/s/ *Leigh F. Rosenbloom*
**Jeptha F. Barbour**
Florida Bar No.: 347000
**Leigh F. Rosenbloom**
Florida Bar No.: 84622
Post Office Box 447
Jacksonville, Florida 32201
P: (904) 398-0900
jbarbour@marksgray.com
lrosenbloom@marksgray.com
dwaldenmaier@marksgray.com
breeves@marksgray.com
tsing@marksgray.com
*Attorneys for Williams*


By: /s/ Amy Godshall
AMERICAN CIVIL LIBERTIES UNION OF FLORIDA
Amy Godshall (FL Bar No. 1049803)
ACLU Foundation of Florida, Inc.
4343 W. Flagler Street, Suite 400
Miami, FL 33134
Telephone: (786) 363-2700
agodshall@aclufl.org
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2025, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**
