IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ANA DOE,<br><br>       Plaintiff,<br><br>v.<br><br>SCOTTY RHODEN, in his official capacity as Sheriff of Baker County, Florida; DUSTIN WILLIAMS, in his individual capacity; LIEUTENANT SHARON YOUMANS, in her individual capacity; and OFFICERS JOHN AND JANE SMITH 1-X, in their individual capacities,<br><br>       Defendants. | Case No. 3:25-cv-00804-MMH-SJH |

## **PLAINTIFF'S RESPONSE TO DEFENDANT RHODEN'S MOTION FOR RECONSIDERATION**

**I.   INTRODUCTION**

Because this lawsuit involves sensitive allegations and a significant risk of retaliation by ICE and private individuals, Plaintiff Ana Doe moved to proceed anonymously. Dkt. No. 21. The Court granted the motion, finding that Plaintiff had demonstrated that "she 'has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings."'" Dkt. No. 28 at 1 (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011)).

Ignoring the standards for a motion for reconsideration, Defendant Rhoden now asks this Court to reconsider that Order, without contesting Plaintiff's factual

1

allegations, presenting any new evidence, or raising any intervening changes in controlling law. Additionally, Defendant Rhoden's motion mischaracterizes the applicable standard for a grant of anonymity in the first instance, and his arguments are overall unpersuasive.

The Court already concluded that anonymity *is necessary* to protect Plaintiff's privacy and safety interests, and that conclusion should not be disturbed. Defendant Rhoden's motion for reconsideration should be denied.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Facts Demonstrating Plaintiff's Strong Privacy Interests.

In her motion to proceed anonymously, Plaintiff set forth the allegations from the First Amended Complaint ("FAC") that demonstrate her substantial privacy and safety interests in proceeding under pseudonym, including her experiences with human trafficking, domestic violence, PTSD, anxiety, depression, sexual assault, self-harm and suicidal ideations, and her insecure immigration status. Dkt. No. 21 at 3–7.

Defendant Rhoden has not presented any new facts or evidence, nor has he disputed Plaintiff's characterization of the facts relevant to this analysis. Therefore, the Court may refer to the statement of facts in the underlying motion as needed.

### B. This Court Granted Plaintiff's Motion for Leave to Proceed Anonymously and to File Names Under Seal.

Given the sensitive nature of the allegations and the significant risks she faces in proceeding with this litigation, Plaintiff filed a motion to proceed anonymously in this matter. Dkt. No. 21. The Court granted the motion, finding that Plaintiff had

2

demonstrated that "she 'has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings."'" Dkt. No. 28 at 1 (quoting *Plaintiff B*, 631 F.3d at 1315–16). Thus, the Court concluded, considering "the totality of the circumstances, . . . Plaintiff is entitled to relief at this juncture." Dkt. No. 28 at 3 (quoting *Doe v. Wantong Int'l, Inc.*, No. 6:25-cv-179-PGB-DCI, 2025 WL 712762, at *3 (M.D. Fla. Mar. 5, 2025)).

### C. Defendant Rhoden Knows Plaintiff's Identity.

To avoid prejudice to Defendants' ability to conduct discovery or defend this case, Plaintiff agreed to reveal her identity to Defendants, subject to an appropriate protective order. Dkt. No. 21 at 21. Plaintiff emailed Defendant Rhoden's counsel on September 25, 2025, to confirm her willingness to do so. *See* Dkt. No. 47, Exh. 1 at 3–4. Defendant Rhoden's counsel responded that he "do[es]n't need any more information about Ana Doe." Dkt. No. 47, Exh. 1 at 2. And in Defendant Rhoden's motion for reconsideration as to the grant of anonymity, he confirmed that his counsel "was able to positively identify Plaintiff." Dkt. No. 45 at 8.

## III. LEGAL STANDARDS

### A. Motions for Reconsideration

The function of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citation omitted). "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear

error or prevent manifest injustice." *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999)). The court "will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." *Prudential Securities, Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Thus, a motion for reconsideration will be granted only in extraordinary circumstances. *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006).

### B.     Motions to Proceed Anonymously

In its Order on Plaintiff's motion to proceed anonymously, the Court correctly recognized that the Eleventh Circuit permits a plaintiff to proceed anonymously where "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). "Whether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'" *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020)).

The prevailing analysis for this proceeds in two steps. *See Chiquita*, 965 F.3d at 1247. First, courts apply the three factors analyzed in *Chiquita*: "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled,

absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id*. (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) [hereinafter, *SMU*]); *see also Plaintiff B*, 631 F.3d at 1316 (applying the same factors).

Second, courts consider "*all* the circumstances of a given case" to decide whether a plaintiff's privacy concerns outweigh the general requirement of disclosure. *Plaintiff B*, 631 F.3d at 1316 (citing *SMU*, 599 F.2d at 713). For example, courts may consider facts such as a plaintiff's age and personal circumstances, whether the plaintiff would face threats of violence or physical harm in proceeding publicly, and whether "anonymity pose[s] a unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316 (citing *SMU*, 599 F.2d at 713). Courts may also consider whether the conduct plaintiff seeks to shield from public disclosure was "casual and voluntary," *id*. at 1315, and whether disclosing the plaintiff's identity would place her at "risk of retaliation" due to the nature of the abuse she alleges or the individuals involved, *C. S. v. Choice Hotels Int'l, Inc.*, No. 2:20-cv-635-JES-MRM, 2021 WL 2792166, at *5 (M.D. Fla. June 11, 2021).

## IV.   ARGUMENT

The Court should deny Defendant Rhoden's motion for reconsideration. First, the motion ignores the standard governing motions for reconsideration. Second, Defendant Rhoden mischaracterizes the prevailing standard the Eleventh Circuit has established for determining whether anonymity is appropriate in the first instance.

Finally, even setting aside Defendant Rhoden's disregard of those controlling standards, Defendant Rhoden's arguments are unpersuasive.

### A. Defendant Rhoden Fails to Meet—Or Even Acknowledge—the Standard Controlling Motions for Reconsideration.

Defendant Rhoden's motion for reconsideration ignores the standard governing such motions. Defendant Rhoden makes no argument that the Court made "manifest errors of law or fact" in its determination, provides no new controlling law, and introduces no facts that would alter the prior decision. *Z.K. Marine*, 808 F. Supp. at 1563. Therefore, he does not establish that the "extraordinary" circumstances in which reconsideration is appropriate are present. *Tristar*, 434 F. Supp. 2d at 1301.

The atypicality of this situation (the Court in its Order on Plaintiff's motion to proceed anonymously stated that Defendants could file a motion for reconsideration of its order if they objected to Plaintiff proceeding by pseudonym, Dkt. No. 28 at 3) does not excuse Defendant Rhoden's failure to even acknowledge—let alone meet—the controlling legal standard for his motion. The Court's permission to file a motion for reconsideration was not an invitation for the Defendants to ignore the standards that are required of such motions. If that were the Court's intention, the Court could have clarified as much in its order, or alternatively, extended the Defendants' deadline to respond in opposition to Plaintiff's Doe motion, or something else entirely. But the Court specifically allowed for motions for reconsideration. The record confirms that the controlling standard for a motion for reconsideration applies to this motion for reconsideration. Plaintiff acknowledges that the Court's providing for the possibility

of reconsideration was prudent at that time, because Defendants had not had the chance to speak and might have introduced new facts or law that could have altered the Court's analysis. But that is not what happened. Instead, Defendant Rhoden merely disagreed with the Court's weighing of the same circumstances.

The Court has already reached a determination after weighing the relevant facts under the appropriate standard, and Defendant Rhoden's unsupported disagreement does not justify reconsideration.

> **B.  Defendant Rhoden Does Not Use the Prevailing Standard for Evaluating Motions to Proceed Anonymously.**

Not only does Defendant Rhoden fail to acknowledge the first standard governing his motion, but he also mischaracterizes the Eleventh Circuit's standard for determining whether anonymity is appropriate in the first instance. Defendant Rhoden's motion asserts that "[t]he Eleventh Circuit has set forth six relevant, but non-dispositive factors for courts to consider when deciding if a party should be permitted to proceed anonymously." Dkt. No. 45 at 3 (citing *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 636–37 (M.D. Fla. 2023); *Strike 3 Holdings, LLC v. Doe*, No. 5:22-cv-307-JA-PRL, 2023 WL 113564, at *1 (M.D. Fla. Jan. 5, 2023)).[1] The majority of cases in this circuit actually rely on the *Chiquita* factors, as Plaintiff outlined above and in her Motion to Proceed Under Pseudonym, and as the Court recognized in its order on her

---

[1] While those two district court cases did consider those six factors, they are among the minority to have done so in that manner. Moreover, the Eleventh Circuit case that they cite back to—*Plaintiff B*—followed the prevailing *Chiquita* and *SMU* standard that dominates in the Eleventh Circuit, as Plaintiff explained in her Motion to Proceed Under Pseudonym, and as the Court acknowledged in its subsequent order. *Plaintiff B*, 631 F.3d at 1316.

motion. While the factors that Defendant Rhoden's motion leans on largely overlap with the prevailing standard's factors (which Plaintiff outlined above), the weight given to each of the factors differs.

The Court applied the correct standard in its Order, and no reconsideration is warranted on this basis. *See* Dkt. No. 28 at 1–2 (describing the standard as set forth in *Chiquita* and *Plaintiff B*).

### C. Defendant Rhoden's Arguments are Unpersuasive.

Even setting aside Defendant Rhoden's disregard of the standard governing when reconsideration is appropriate, and his mischaracterization of the prevailing standard governing when anonymity is warranted, Defendant Rhoden's arguments are not compelling. As the Eleventh Circuit explained, when there is strong evidence supporting a party's need to remain anonymous, "a defendant's "general plea for 'openness' is not convincing." *Chiquita*, 965 F.3d at 1247; *Plaintiff B*, 631 F.3d at 1318.

#### a. Challenge to Government or Private Activity.

While conceding that "Plaintiff is challenging government action," Defendant Rhoden argues that "this alone is insufficient to establish entitlement to proceed anonymously." Dkt. No. 45 at 4. But Plaintiff, of course, did not seek to establish her need to proceed anonymously by reference to this factor "alone." Rather, she argued "the first factor enumerated in Chiquita weigh[ed] in favor of permitting her to proceed anonymously," given that she was challenging the deprivation of her constitutional rights by government officials at Baker. Dkt. No. 21 at 11. Plaintiff further explained the other circumstances also supporting the need for anonymity: the sensitive content

of her allegations; the risk of retaliation, criminal prosecution, and deportation associated with disclosing her identity; the involuntary nature of her being subjected to abuse; and the fact that anonymity would not prejudice Defendants' abilities to conduct discovery or defend the case. *See* Dkt. No. 21.

Defendant Rhoden's argument that this factor alone may not have established the need for anonymity is neither relevant nor dispositive. It certainly does not show the Court made a "manifest error[]" in its determination. *Z.K. Marine*, 808 F. Supp. at 1563. This factor plainly favors anonymity.

### b.  Information of the Utmost Intimacy.

Defendant Rhoden claims that the factor intended to capture the plaintiff's interest in protecting highly intimate information from public disclosure "falls in [his] favor" for several reasons, each unpersuasive. Dkt. No. 45 at 6.

First, he appears to argue that the information Plaintiff seeks to protect is not sufficiently intimate because the invasions of bodily privacy alleged are not rape. *See* Dkt. No. 45 at 6 (distinguishing *S. B. v. Fla. Agric. And Mech. Univ. Bd. of Trs.*, No. 4:16cv613-MW/CAS, 2018 WL 11239720, at *2 (N.D. Fla. Feb. 5, 2018) and *C. S.*, 2021 WL 2792166, at *4 because the courts there "granted anonymity to rape victims – which is not alleged here").

As an initial matter, this caselaw characterization is incorrect. The court in *C. S.* concluded the litigation there concerned information of the "utmost intimacy," not only because plaintiff there was "forced and coerced to engage in [sexual conduct] by her sex traffickers," but also because "the nature of her claims will necessitate

discovery involving descriptions of [p]laintiff in various stages of nudity." 2021 WL 2792166, at *2 (internal alterations omitted). The court concluded that factor "weigh[ed] heavily in favor of granting [the] motion to proceed anonymously" because plaintiff's allegations, concerning "sexual service, physical assaults, and psychological torment," were "sensitive and highly personal in nature." *Id*. at *4 (citation omitted). Thus, the intimate information warranting protection in the cases Defendant Rhoden highlights did *not* concern only allegations of rape, as he asserts. In fact, the allegations in *C. S.* closely resemble Plaintiff's allegations here of being ogled and mocked in various stages of nudity, handled so roughly that she was bruised, and psychologically tormented in solitary confinement. FAC ¶¶ 144, 149–54.

As those cases (and many others) demonstrate, privacy protection is not limited to rape victims. Contrary to Defendant Rhoden's implication, district court decisions holding that allegations involving rape and sexual assault constitute information of the "utmost intimacy" do not by any means suggest such allegations are the *only* information sufficiently intimate to warrant protection from public disclosure. Indeed, the court in *S. B.* observed the allegations of rape there involved the most sensitive information imaginable, not that they represented the lower bound of intimacy warranting protection. *See* 2018 WL 11239720, at *2 (noting that the allegations there "*could not be of a more* sensitive and highly personal nature") (emphasis added) (citation omitted). Defendant Rhoden provides no authority to support the proposition that other kinds of claims cannot also implicate sensitive, personal information. His argument to reconsider on this basis is unavailing.

Defendant Rhoden also argues that the Court should not consider Plaintiff's history as a victim of human trafficking to be intimate information warranting protection, because "Plaintiff chose to disclose this information in her Complaint and the instant motion." Dkt. No. 45 at 5. This argument is likewise unpersuasive, both because these allegations of Plaintiff's history as a victim of human trafficking *are* relevant to her claims and necessary to support her allegations of her serious medical condition (her PTSD, severe depression, and anxiety) that Baker failed to adequately treat, and moreover, courts do not review the wisdom of a plaintiff's pleadings when deciding whether the litigation concerns information of the utmost intimacy. *See* FAC ¶¶ 16, 71, 90, 106, 134, 170. This argument does not merit reconsideration.

Third, Defendant Rhoden argues that because discussion of Plaintiff's psychiatric history "is not uncommon in prison litigation" and "does not always support" permitting a plaintiff to proceed anonymously, Plaintiff should have been required to "establish[] that her situation is so different in nature, scope, or extent that she should be excused from the requirements of Rule 10(a) based on this factor." Dkt. No. 45 at 6. Defendant Rhoden, however, does not identify any specific case in which anonymity was denied despite involving sensitive mental health information, let alone why such a hypothetical case analysis should dictate the outcome here. This vague assertion does not justify reconsideration.

Furthermore, Plaintiff *did* contrast the sensitive mental health information at issue in her case from less sensitive kinds of medical information that would not warrant protection. *See* Dkt. No. 21 at 12 (contrasting *B. A. v. United States Food & Drug*

*Admin.*, No. 2:25-cv-32-JLB-KCD, 2025 WL 1029307, at *2 (M.D. Fla. Apr. 7, 2025) (noting that "motion sickness is not the kind of condition that is 'of the utmost intimacy'") (citation omitted) and *Alexandra H. v. Oxford Health Ins., Inc.*, No. 11-23948-CIV, 2012 WL 13194941, at *1 (S.D. Fla. Mar. 23, 2012) (acknowledging that the mere fact that "a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name")). Thus, Plaintiff did demonstrate that her mental health diagnoses and psychiatric medication fall within the class of information protected under this factor. Defendant Rhoden's argument to the contrary is not persuasive.

For all of these reasons, this factor weighs strongly in Plaintiff's favor, and reconsideration is not warranted.

### c.    Threat of Violence or Physical Harm Absent Anonymity.

As an initial mater, "the risk of violence or physical harm associated with disclosure" is not an independent factor identified in *Chiquita*, *see* 965 F.3d at 1247, and Defendant Rhoden does not explain why a separate showing of potential "violence or physical harm"—in addition to the harms of potential criminal prosecution, deportation, social stigmatization, harassment, and other consequences—is required or how its asserted absence could justify reconsideration.

Regardless, contrary to Defendant Rhoden's mischaracterization of the facts alleged, Plaintiff has made more than a mere "vague reference to potential physical harm that she would theoretically endure should she be required to comply with Rule 10(a)." Dkt. No. 45 at 6. Ms. Doe faces a real threat of physical harm absent anonymity in this matter, for several reasons, strongly supporting a grant of this

protective order to protect her personally identifying information, for her privacy interests and safety. *Stegall*, 653 F.2d at 186; *Neverson*, 820 F. App'x, at 988 (Held that evidence that pseudonymity could reduce the risk of physical harm to a party weighs strongly in favor of granting pseudonymity.).

Plaintiff pointed to multiple reports of hate crimes against immigrants in Florida, *see* Dkt. No. 21 at 18, one of which resulted in the murder of a Guatemalan immigrant. She also described the prevalence of ICE officials "focusing immigration enforcement efforts" against those who publicly pursue justice against ICE-related facilities, which could result in officials "escalating her abuse" if she were re-detained. Dkt. No. 21 at 19. And she described the risk of "retaliation by her trafficker and domestic violence abuser" if her identity were publicized along with her allegations and the location and date of court appearances in this litigation. Dkt. No. 21 at 20. The fact that the trafficker was in possession of Ms. Doe's passport, Dkt. No. 45 at 6, does not mean he knows her current connection with this litigation or her potential whereabouts if she must appear in person before the Court, and his learning that information would increase the risk of physical harm Plaintiff faces. The point is not that ICE officials and others do not know *who* Plaintiff is; it is that they do not know *where* she is, or that she is bringing this lawsuit—and publishing her name on the case makes that information easier to find.

Compared to other binding cases, this is more than enough evidence to support Plaintiff's request for anonymity. *See Stegall*, 653 F.2d at 186; *see also Neverson*, 820 F. App'x at 988. For example, in *Doe v. Stegall*, the Fifth Circuit (now binding on the

Eleventh) found that pseudonymity was warranted because the moving party faced potential "extensive harassment and perhaps even violent reprisals if their identities are disclosed." 653 F.2d at 186. That plaintiff's evidence consisted of "bits and pieces of reportage and anonymous affidavits to vague fears of reprisal," as the dissent characterized it, demonstrating the importance of protecting even "vague fears," and that extensive evidence is not required at this stage. *Stegall*, 653 F.2d at 187.

Thus, Plaintiff has provided ample evidence as to the risks of violence and physical harm she faces if anonymity were denied, rendering this factor strongly in favor of retaining her anonymity. *Id*. Defendant Rhoden's contrary assertion is incorrect, and this factor does not warrant reconsideration.

### d. Admission that Conduct Risks Criminal Prosecution.

Defendant Rhoden acknowledges that "revealing an individual's immigration status can create . . . a risk of criminal prosecution" but maintains "Plaintiff has already made that revelation" by seeking immigration relief. Dkt. No. 45 at 7 (citing *Hisp. Int. Coal. of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 (11th Cir. 2012)). Therefore, Defendant Rhoden maintains, this is not a case where "anonymity in litigation ha[s] something to protect." Dkt. No. 45 at 7. But the fact that Plaintiff has sought immigration relief does not foreclose the conclusion that anonymity will provide protection to Plaintiff from risks associated with her immigration status.

Here, the risk of criminal prosecution and the risk of retaliation are intertwined. In accordance with the evidence Plaintiff has provided about ICE raids and enforcement against undocumented immigrants appearing for court hearings, she

faces elevated risks of retaliatory detention and deportation if she is publicly connected with the litigation *and* known to be an undocumented immigrant. Thus, as she described in her motion, anonymity here still protects against the consequences that could be imposed against Plaintiff based on her immigration status, which would otherwise impermissibly chill the vindication of her constitutional rights. *See* Dkt. No. 21 at 16 (citing *Hisp. Int.*, 691 F.3d at 1247).

### e. Plaintiff's Age.

Defendant Rhoden states without additional explanation: "Plaintiff is 33-years-old. This factor falls in the Sheriff's favor." Dkt. No. 45 at 7 (citing Dkt. No. 20, ¶ 34). He fails to explain the relevance of this fact or its import in the context of this motion for reconsideration or Plaintiff's underlying motion to proceed under pseudonym.

As this factor is not part of the dominant *Chiquita* standard for evaluating motions to proceed under pseudonym, Plaintiff did not rely on this factor in her motion to proceed anonymously, and the Court did not rely on this factor in its determination of said motion.

Defendant Rhoden does not argue that the failure to consider this non-dispositive factor that some courts consider in some cases constitutes a manifest injustice. Nor does he argue that Plaintiff's age makes her categorically ineligible to proceed anonymously or renders the Court's weighing of the totality of the circumstances incorrect. Therefore, there is no reason to believe reconsideration is warranted on this basis.

### f. Risk of Fundamental Unfairness to Defendants.

Without providing any supporting caselaw, Defendant Rhoden claims that "it is unfair that Plaintiff is permitted to hurl allegations against numerous individually-named Defendants from under a blanket of secrecy." Dkt. No. 45 at 8. But that general "unfairness" (which is inherently present in every case where the court allows a party to proceed anonymously and is not a "unique" threat) is not the correct benchmark. The relevant inquiry is not an abstract, general inquiry into "fairness";[2] rather, it is whether "anonymity poses a *unique* threat of *fundamental* unfairness to the defendant." *Chiquita*, 965 F.3d at 1247 (emphasis added). Defendant Rhoden has not articulated any *unique* threats of *fundamental* unfairness in this case.

Defendant Rhoden argues that because "Plaintiff's claims are completely baseless" and "Defendants will forever be tied to Plaintiff's vile accusations," "[f]airness" requires that "Plaintiff also be publicly named." Dkt. No. 45 at 8. But, in addition to these claims being false, there is no legal grounding for an inquiry into the merits of Plaintiff's allegations to determine whether it is appropriate for her to proceed anonymously.

As Plaintiff argued in her motion to proceed anonymously, "a plaintiff's agreement 'to provide her full name to [d]efendant, subject to a protective order' suffices to mitigate any risk of prejudice to defendant's ability to conduct discovery and prepare a defense." Dkt. No. 21 at 20 (quoting *Doe v. Medeiros*, No. 20-24357-CIV,

---

[2] It is not clear that this argument concerns "fairness" at all. Rather, Defendant Rhoden appears to argue that the cost of Plaintiff exercising her constitutional rights is that she should be put in harm's way.

2021 WL 7186841, at *2 (S.D. Fla. Feb. 24, 2021)); *see also Plaintiff B*, 631 F.3d at 1315 ("Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not."). Here, Defendant Rhoden admits that he already knows Plaintiff's identity, and in any case, Plaintiff has agreed to provide her identity to all Defendants once a protective order is entered. Therefore, Defendants "know who their accusers are" and can conduct "a full range of discovery in building a defense for trial"—and they are not subject to "fundamental unfairness" by Plaintiff litigating under a pseudonym. *Plaintiff B*, 631 F.3d at 1315, 1319. The Court correctly concluded as much in its Order granting anonymity. Dkt. No. 28 at 2–3 (noting that it considered the "threat of fundamental unfairness" to Defendants and nevertheless concluded the "totality of the circumstances" justified relief).

Separately from his abstract argument about "fairness," Defendant Rhoden appears to argue that his ability to litigate the case may be prejudiced by a grant of anonymity. He maintains that "it is unknown just how burdensome it will be for Defendants to litigate a case where they cannot refer to Plaintiff by name or include any identifying features in court filings." Dkt. No. 45 at 8. This argument is equally unpersuasive for several reasons. First, again, this is not a "unique" threat of fundamental unfairness, but something that is inherent to any case with a pseudonymous party. Second, the fact that Defendant Rhoden "anticipate[s]" that anonymity could "add the burden of numerous hours by counsel, legal staff, and perhaps third-party vendors to ensure the necessary redactions are made," Dkt. No. 45 at 8, is not a basis for reconsideration. "The need to make redactions and take

measures not to disclose plaintiff's identity" does not unfairly prejudice a defendant. *Doe v. Rollins Coll.*, No. 6"18-cv-1069-ORL-37KRS, 2018 WL 11275374, at *4 (M.D. Fla. Oct. 2, 2018) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006)). And a gesture to concededly unknown possible future burdens does not establish that the Court's determination here was clearly erroneous or manifestly unjust. The Federal Rules of Civil Procedure ensure a reasonable approach to discovery and that no party is unfairly burdened by discovery. Reconsideration is not warranted on this basis.

### g. The Extent to Which the Party's Identity Has Been Kept Confidential.

Finally, Defendant Rhoden adds this seventh factor to his unpopular six-factor test, arguing that "Plaintiff's failure to meaningfully protect her anonymity mitigates [*sic*] against this Court ordering Defendants to make efforts to 'maintain' it." Dkt. No. 45 at 9.

This is another factor that does not come from the prevailing *Chiquita* standard; notably, it is not even mentioned in *Chiquita*. See 965 F.3d at 1247. While a court can, of course, consider anything as part of its totality of the circumstances review, Defendant Rhoden's only reference to a Florida district court considering this factor is a Southern District of Florida case that granted anonymity. He provides no authority suggesting that this factor should be a strong part of the analysis.

Defendant Rhoden's assertion that "anyone with internet access could easily identify [Plaintiff]," Dkt. No. 45 at 8, is irrelevant and not grounded in law. First, it is not surprising that Defendants or their counsel were able to identify Plaintiff, given

that they detained her and still have her records, and given the several federal investigations into the facility that stemmed from their treatment of her. Second, Defendant Rhoden's assertion that he was able to identify Plaintiff does not persuasively establish that Plaintiff "has not taken steps to keep her identity confidential" from the general public. *Id*. Plaintiff doubts that the public would be so easily able to identify her from the pleadings, and to date, none have. Regardless, even if some could identify her, they likely would not think to try to do so just from hearing of this lawsuit in the news. But having her name prominently attached to this lawsuit would destroy her ability to maintain her current state of anonymity. Third, Plaintiff provided the detail required to plausibly allege her claims against Defendants; it would be perverse to punish her for doing so by concluding that her compliance with pleading requirements suggests she failed to adequately safeguard her identity.

This factor, which Defendant Rhoden has not shown should be given any weight in this analysis in the first instance, does not undermine the Court's determination that Plaintiff's interests in safety and privacy justify anonymity.

## V. CONCLUSION

The Court's previous analysis applied the correct legal standard, weighed the relevant facts, and reached a considered conclusion that anonymity was warranted under the totality of the circumstances to protect Plaintiff's safety and privacy. Dkt. No. 28 at 3. Because Defendant Rhoden provides no new facts and makes no persuasive argument to the contrary, his motion for reconsideration should be denied.

Dated: October 24, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

John D. W. Partridge (*pro hac vice*)
M. Scott Campbell (*pro hac vice*)
Ming Lee Newcomb (*pro hac vice*)
Julia Doody (*pro hac vice*)
1900 Lawrence Street
Suite 3000
Denver, CO 80202-2211
Telephone: (303) 298-5700
Facsimile: (303) 298-5907
jpartridge@gibsondunn.com
scampbell@gibsondunn.com
mnewcomb@gibsondunn.com
jdoody@gibsondunn.com

By: */s/ Amy Godshall*
AMERICAN CIVIL LIBERTIES UNION OF FLORIDA

Amy Godshall (FL Bar No. 1049803)
Daniel B. Tilley (FL Bar No. 102882)
ACLU Foundation of Florida, Inc.
4343 W. Flagler Street, Suite 400
Miami, FL 33134
Telephone: (786) 363-2700
agodshall@aclufl.org
dtilley@aclufl.org

ROBERT F. KENNEDY HUMAN RIGHTS

Sarah E. Decker (*pro hac vice*)
Sarah T. Gillman (*pro hac vice*)
1300 19th Street NW, Suite 750
Washington, D.C. 20036
Telephone: (646) 289-5593
Facsimile: (202) 301-2863
decker@rfkhumanrights.org
88 Pine Street, 8th Floor, Suite 801
New York, NY 10005
Telephone: (646) 289-5593
Facsimile: (202) 301-2863
gillman@rfkhumanrights.org

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify on October 24, 2025, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing will be timely served on all Defendants in accordance with the Federal Rules of Civil Procedure.

                                                                */s/ Amy Godshall*
                                                                Amy Godshall